### W. H. NANNY ET AL. v. EMMETT B. ALLEN ET AL.
#### No. 6693.

1. **Probate Matters—Allowance for Widow and Children.**—The interests of the widow and children of a deceased party in real property set apart by order of the Probate Court in 1862 as "an allowance made for her and her children," if the allowance was in lieu of exempt property or homestead, was not affected by such action of the court. The only effect of such an order was to withdraw the property from administration, and it conferred on the widow no power to sell the interests of the children.

2. **Minors—Ratification—Equity.**—One whose interest in land is conveyed by his parent during his minority, for which other property is received by the parent in exchange, and who after reaching his majority, with a full knowledge of all his rights, demands and receives from the parent a part of the property thus obtained in exchange, can not recover the land conveyed during his minority by the parent. One can not retain the price received and at the same time recover the thing for which it was paid.

APPEAL from Hill.  Tried below before Hon. J. M. Hall.
The opinion states the case.

*B. D. Tarlton,* for appellants. — 1.  The order or decree of the Probate
Court of Harris County referred to in the foregoing assignment of error
is not void, nor is the same subject to attack in this suit.  Said order be-
ing the decree of a court of general jurisdiction over the subject matter
about which it was adjudicating, must be deemed valid, it not appearing
that no facts could have been shown which could render it valid.  Pasch.
Dig., art. 1305; Alexander v. Maverick, 18 Texas, 194; Murchison v.
White, 54 Texas, 82; Guilford v. Love, 49 Texas, 715; Mills v. Herndon,
60 Texas, 353; Martin v. Robinson, 67 Texas, 368.

2.  The court erred in refusing the special instruction asked by defend-
ants Tarlton, Jordan & Tarlton, as follows:  "If you find from the evi-
dence that Emmett B. Allen took from W. J. and Electa Chase Hancock
a deed to a part of certain property in Galveston, which had been taken
by said Electa Chase Hancock in exchange for land of which the land in
controversy is a part, and that in consideration of said deed said Emmett
B. Allen released all claim to said Galveston property taken in exchange,
which claim had been urged by him on account of an interest alleged by
him to have been inherited by him from his father, then you will find
against the said Emmett B. Allen in this cause, and the plaintiffs could in
no event recover more than three-fourths of the land sued for."  There
was evidence to support this instruction in this, that there was direct evi-
dence showing the exchange referred to, and the taking of the deed by
Emmett B. Allen referred to, and the execution of a release by said Em-
mett B. Allen to the Galveston property referred to, and there was cir-
cumstantial evidence that the release was on account of a claim urged as
alleged in said instruction.  If Emmett B. Allen executed a release to the
Galveston property under the circumstances and for the consideration in-
dicated in the foregoing requested instruction, this conduct would consti-
tute a ratification by him of the act of Electa Chase Allen in selling the
property in controversy, and the court should so have instructed.  Rev.
Stats., art. 1317.

*W. S. Booth* and *McKinnon & Carlton,* for appellees.—In 1862 Probate
Courts in Texas were limited by statutory enactments concerning the dis-
position and settlements of the estates of decedents, and an order of such
court setting apart real estate to the widow and minor children in lieu of
a year's allowance in a manner not provided by statute is void.  Pasch.
Dig., art. 1304; Withers v. Patterson, 27 Texas, 491; Wiederanders v. The
State, 64 Texas, 133.  Article 1305, Paschal's Digest, has no reference to
this case.

STAYTON, CHIEF JUSTICE.—Plaintiffs are the heirs of Harvey H. Allen, who during his marriage with Mrs. Hancock, who is the mother of plaintiffs, acquired title to the land in controversy.

Defendants claim title through Mrs. Hancock and her present husband.

Harvey H. Allen died in 1862, and administration was had on his estate in Harris County. For the purpose of showing title defendants offered to read in evidence the following order entered in the Probate Court for Harris County:

"*Estate of H. H. Allen.*—This day appeared in open court Electa Chase Allen, the wife and administratrix of Harvey H. Allen, deceased, who for the allowance made for her and her children at the last term of the court has made choice in lieu thereof the following described property, which is a part of the inventory filed by her in this court, to-wit: ·One patent for 640 acres of land, the same being for the headright of O. B. Monroe, situated in Navarro County, in the State of Texas; also one patent for 640 acres of land to the heirs of B. De Barr, situated in Hill County; also one patent to the heirs of J. W. Eldridge, lying and situated in Limestone County; also one patent for 320 acres of land to the heirs of E. D. Rhotan, situated and lying in Palo Pinto County. It is therefore ordered, adjudged, and decreed that the same be and is hereby set apart to said Electa Chase Allen as an allowance in gross in accordance with said order of court for her and for her heirs and assigns, free from all and every claim and demand of whatever character against the estate of Harvey H. Allen, deceased, subject, however, to the acts of the administrator only."

Counsel for plaintiff objected to the introduction in evidence of the order, "because the said order and decree showed on its face that the Probate Court of Harris County had no jurisdiction to make the disposition of the property made in said order and mentioned therein, and that said order and decree was void because real estate could not be set aside in lieu of a year's allowance for the widow and children." The court sustained the objection and excluded the decree, and defendants' counsel excepted. The court in approving defendants' bill explains (as its reason evidently for rejecting the evidence) that "no issue as to this evidence was admitted to the jury, and no injury was done the defendants." The charge of the court virtually withdrew this issue from the jury.

It is not made to appear whether the property named in this order, which embraces the land in controversy, was set apart to Mrs. Allen and her children, the plaintiffs, in lieu of the year's allowance or in lieu of exempt property not existing in kind. If it was the former the law did not empower the court to set apart real estate, but directed that the allowance be "either in money out of the first funds of the estate that may come to his hands, *or in such personal effects* of the deceased as such widow or guardian may choose to take at the appraisment, or a part thereof in each, as they may select." Pasch. Dig., art. 1304.

If it was in lieu of exempt property, homestead or other, not existing in kind, the evidence would have been immaterial; for the interests of the widow and children in the property so set apart would not have been affected by that action of the court; for the statute "provided that if the estate of such decedent be not insolvent nothing in this section contained shall be so construed as to prohibit the distribution and partition of said estate among the heirs and distributees thereof, including the portion herein provided to be set aside for the use of the widow and children." Pasch. Dig., art. 1305.

It was not shown that the estate was insolvent, but had it been the property would have vested in the widow and children, they being then minors, just as it would had it not been so set apart. The only effect of the allowance would have been to withdraw so much of the estate from administration and from the claims of creditors. As community property one-half of it would belong to the widow and the other half to the children, who are the plaintiffs. The order would have conferred on Mrs. Allen no power to sell the interest of her children. The lands in controversy, with many other tracts and some land certificates which presumably all belonged to the community estate of Harvey H. Allen and his wife, which the jury found were of the value of $6000, were conveyed by Mrs. Allen, after her marriage to her present husband, to R. J. & C. J. Davis, who in exchange conveyed to her property in Galveston which the jury found was then of the same value.

These conveyances seem to have been with warranty of title, and were made while Emmett B. Allen, one of the four plaintiffs, was a minor. The other defendants claim through the conveyance made to R. J. & C. J. Davis with warranty of title. The inference from the record is that the deed to Mrs. Hancock, formerly Allen, for the property in Galveston recited that the consideration therefor was the land and land certificates conveyed to R. J. & C. J. Davis.

After Emmett B. Allen reached majority his mother and her husband conveyed to him a part of the property which had been conveyed to her by R. J. & C. J. Davis, and he relinquished to her any further interest or claim in or to the Galveston property. The conveyance to him was without valuable consideration, except as this may be found in his relinquishment of further claim to the Galveston property.

It is alleged that Mrs. Hancock and her husband are insolvent, and R. J. Davis in this action is seeking to enforce against them their warranty of title to the land in controversy, as are those who hold under him seeking to recover on his warranty, if plaintiffs recover the land in controversy. Instructions to the effect that Emmett B. Allen was not entitled to recover in this case if he asserted claim to a part of the Galveston property on account of the fact that it was paid for with lands in which he had an interest, and on this ground received a deed to a part of that property, were

asked and refused, and charges were given which excluded that question from the jury.

We are of opinion that if, with a full knowledge of all his rights after reaching majority, he demanded and received a part of the Galveston property on the ground that it was paid for with lands and land certificates in which he had an interest, he ought to be denied a recovery under the facts of this case. Goodman v. Winter, 64 Ala., 411; Pursley v. Raus, 17 Ia., 312; Drake v. Wise, 36 Ia., 476; Debord v. Mercer, 24 Ia., 118; Smith v. Warden, 19 Pa. St., 430; Maple v. Kusart, 53 Pa. St., 349; Willie v. Brooks, 45 Miss., 542; Parmele v. McGinty, 52 Miss., 475; Handy v. Norman, 51 Miss., 156; O'Connor v. Carver, 12 Heisk., 436.

He can not in conscience hold the price and recover the thing for which it was paid.

While the evidence as to some of the facts referred to may not conclusively show the transaction between him and his mother, it was such as required a submission of the matter to the jury.

Other matters relating to the charge and the form of the verdict need not be considered further than to say that the verdict was in proper form, and the charge complained of, other than that considered, not such as could have injuriously affected the right of appellants under the issues submitted.

For the error noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 9, 1890.