### R. H. C. Butler, Guardian, v. L. W. Stephens.

#### No. 6732.

**Guardian's Sale of Land.**—January 9, 1879, Casady, guardian, filed an application to sell land belonging to his ward, stating the reasons and necessity for the sale and describing the land. Notice of the application was given by publication in a newspaper in the county for four weeks. March 7, 1879, the court by an order directed the sale "at public or private sale." Extensions of time were granted up to July Term, 1881. Subsequent applications to postpone were made. March 16, 1883, Casady filed his report of sale, which report was approved and sale confirmed March 22, 1883, and title ordered to be made, which was done, the purchase money being paid. In suit by Casady's successor for the land, *held:*

1. The County Court possessed full power to extend the time of sale.

2. No written application by the guardian was essential to obtain such extension when it appears from the order confirming the sale that it had been extended.

3. There was no necessity for any other or a second application for sale.

4. The confirmation is conclusive, the record not showing affirmatively that the jurisdiction of the court did not attach.

Appeal from Limestone. Tried below before Hon. Sam. R. Frost. The opinion states the case.

*White & Edwards,* for appellant.—1. The court erred in holding that the sale made by J. R. Casady, guardian of J. T. A. Eldridge, minor, to defendant L. W. Stephens was a valid sale and passed title to the land in controversy, because no citation had been issued and served as the law requires on the filing of said application for sale of said land prior to the time the County Court of Hill County made and entered said order of sale. The powers of the guardian to sell the property of his ward and of the County Court to order and confirm such sale are given by statute; and such statute being mandatory and not merely directory must be strictly complied with, else the ward can not be divested of his inheritance. Rev.

Stats., arts. 2572–2577; Smith v. Dibrell, 31 Texas, 239; Calloway v. Nichols, 47 Texas, 327; Judson v. Sierra, 22 Texas, 365; Brown v. Christie, 27 Texas, 73; Tippet v. Mize, 30 Texas, 362; Rorer on Jud. Sales, sec. 473; Cooper v. Sunderland, 3 Ia., 114; Townsend v. Tallant, 33 Cal., 45; Stewart v. Bailey, 28 Mich., 253; Rider v. Flanders, 30 Mich., 343.

2. The court erred in holding and deciding that the County Court of Hill County had jurisdiction to order the sale of said land at its March Term, 1883, on the citation issued in January, 1879, made returnable to the March Term, 1879, of the County Court of Hill County. The citation issued in January, 1879, while not containing all the essentials required by the statute as it then existed, was served by publication as required by the statute at that time; but the court having failed to make the orders extending the time of sale regularly after the September Term, 1880, and the Revised Statutes having taken effect, providing a different rule of issuing and serving citation, and further providing that "no order of sale should be made until citation had been served in the manner and for the length of time" required by the Revised Statutes, the applications formerly made and citations issued thereon and orders made in pursuance thereof had lapsed, or, in other words, had become *functus officio;* and any subsequent application to sell or extend time of sale should be considered as an original application, on which citation must issue and be served in compliance with the law then and now in force before the County Court could acquire jurisdiction to order a sale of the real estate of the ward. Laws 1876, p. 184, secs. 98–105; Rev. Stats., art. 2576.

3. The court erred in holding and deciding that title to the land in controversy passed by virtue of said order of sale and confirmation of sale of the County Court of Hill County made at the March Term, 1883, and the deed of said Casady, guardian, made in pursuance of said order; and the court erred in not rendering judgment for plaintiff for the recovery of the land in controversy. Casady, guardian, having sold the land of his ward, Eldridge, without authority of law, the ward can reclaim the land after he becomes of age, no matter who becomes the purchaser; and judgment should have been rendered herein in the ward's favor, and this court should now proceed to render such judgment as should have been rendered by the court below. Titman v. Ricker, 43 N. J. Eq., 122.

*L. B. Cobb* and *Kimbell & Kimbell,* for appellee.—1. The County Court of Hill County having jurisdiction of the estate of the minor Eldridge, and of the person both of the minor and his guardian so far as pertained to the due administration of said estate, all the incidental orders of said court made in the course of such administration are, without an affirmative showing to the contrary, presumed to be regular and lawful.

2. It being within the power of said court lawfully to order and con-

firm a sale of the land of said ward, such orders are to be deemed lawful unless the record affirmatively proves the contrary.

3.   The court had jurisdiction to grant the application for order of sale and to pass on the report of sale—power to confirm or reject.   The order of confirmation was within the exercise of the lawful jurisdiction of the court, and if voidable by a direct proceeding can not be impeached collaterally.

4.   Appellee, an innocent purchaser for value, is not affected by the mistakes or errors of the guardian or court in obtaining or granting order or making or approving report of sale.   Murchison v. White, 54 Texas, 82; Edwards v. Halbert, 64 Texas, 667–670; Robertson v. Johnson, 57 Texas, 62; Davis v. Touchstone, 45 Texas, 498; Guilford v. Love, 49 Texas, 735; McCowen's Exrs. v. Foster, 33 Texas, 241; Alexander v. Maverick, 18 Texas, 196; Comstock v. Crawford, 3 Wall., 396; Freem. on Void Jud. Sales, 2 ed., secs. 20, 44.

HOBBY, JUDGE.—From the agreed statement of facts contained in the record it appears that J. R. Casady was the legally appointed guardian of the estate of J. T. A. Eldridge, a minor, from 1879 to 1883, and under the jurisdiction and authority of the Probate Court of Hill County.   On the 9th of January, 1879, said guardian filed an application to sell land belonging to said minor, stating the reasons and necessity for such sale and describing the land.   On March 7, 1879, the court by an order directed the land to be sold at "either private or public sale."   Notice of the application for the sale was given by publication of citation in the Hill County Expositor (a newspaper) for four weeks.   At successive terms of the Probate Court following the application, up to and including the March Term, 1883, the applications of the guardian to extend the time for the sale were made.   Such extension was granted up to and including the July Term, 1881.

On March 16, 1883, Casady, the guardian, filed his report of the sale of the land to the appellee, which sale was by order of the court confirmed on the 22d of March, 1883, and title was ordered to be made to appellee, which was done, the appellee having paid the amount of his bid, $500.

This suit is an action by the appellant, R. H. C. Butler, the present guardian of said minor, to recover said land.   Upon the foregoing agreed statement of facts the court rendered judgment for the defendant for the land.   The guardian appeals, and the first error complained of, which presents the question upon which the case turns, is that the court erred in holding the sale made by the guardian to appellee to be a valid sale and that it passed title to the land in controversy, because no citation had been issued and served as the law directs on the filing of an application for said sale prior to the entry of the order of sale.

The proposition under this assignment is to the effect that the powers

of the guardian to sell the property of his ward and the court to order and confirm such sale are given by a mandatory and not a directory statute, and must be strictly complied with.

Appellant's statement from the record in support of the foregoing is that "the orders made by the court originally at March Term, 1879, for the sale, and at consecutive terms, with some intermissions, till the July Term, 1881, were for the guardian to sell at 'public or private' sale, and report at the next term of the court. No order whatever was thereafter entered till March 22, 1883, confirming report of sale. No application to extend the time or change terms of sale was made from September, 1880, to March 16, 1883. No citation was issued except on filing first application, and it was not in compliance with law."

There is nothing in the foregoing statement which we think supports the assignment and proposition thereunder that the court erred in holding that the guardian's deed to appellee passed the title to the land.

Under the law in force when the application was made in January, 1879, for the sale of the land it was not required that such application should be sworn to. Sections 101 and 105 of the Act of 1876, General Laws 1876, page 184, authorized the guardian to make such application when it was necessary for the payment of debts or the maintenance and education of the minor.

Section 104 of the same act required notice of such application to be given by publication for four weeks in a newspaper in the county. This was done in the present case.

The court possessed full power to extend the time of sale. There is nothing in the statute prohibiting this, and cases might arise in which it would be the duty of the court to do so. No written application by the guardian was essential to obtain such extension where it appears from the order confirming the sale that it had been extended. In the present case there appears, however, to have been applications by the guardian under oath in many instances from the May Term, 1879, up to March, 1883, to postpone said sale. There was no necessity for any other notice of the application for the sale than that given as provided by section 104 of the act before mentioned. Article 2575 of the Revised Statutes, which requires such notice to be given by posting, was not in force when the application was made, and it was not the letter or the spirit of the law that additional notice should be given whenever the court might deem it best to extend the time for the sale.

There is no similarity we think between the case of Dibbrell v. Smith, 31 Texas, 242, cited by appellant, and the present. In the former it was held that a guardian had no authority to release a mortgage which secured a note belonging to his ward, cancel the note, and take other security. The general doctrine stated in that case that "the dealings of guardians

with the estates of their wards is watched with vigilant jealousy," can not be questioned.

In Calloway v. Nichols, 47 Texas, 331, also cited by appellant, it was held, in substance, that although the guardian sold land only by virtue of the statute, and that unless the sale be made conformably thereto, still whether it was or was not in that case so sold in accordance with the statute depended upon the action of the court upon the report of sale and not upon evidence by which that action was shown.

The confirmation by the court of the report of sale in the case before us is unquestioned.

The case of Judson v. Sierra, 22 Texas, 369, contains numerous features which make it wholly unlike the present. In that case the purchaser at the sale refused to comply with his bid. The sale itself was not made by the guardian, but by an attorney in fact, as was the deed. Besides, the guardian, who was a woman, after making a power of attorney subsequently married, and was married when the deed was executed by the attorney in fact. Such were some of the complications characterizing that case, a general reference to which is sufficient to show its inapplicability to the present.

The case of Brown v. Christie, 27 Texas, 77, to which appellant refers, announces, we believe, the correct rule. Discussing the question of the validity of such sales not made at a time required by law, it is said: "The title of an estate or minor is not divested until there is judicial action by the Probate Court. The sale, if not made at the time required by law, was illegal, and should have been set aside by the Probate Court. If it be improperly confirmed its judgment might have been corrected by a direct proceeding for that purpose by any one having an interest in the matter. But it was not open to the collateral inquiry to which it was subjected in this case," etc. Such we believe to be the rule in the present case.

Conceding all that can be fairly claimed under the facts in support of appellant's position, nothing more is established than irregularities occurring in the exercise of an authority and jurisdiction with which the Probate Court of Hill County was clothed. And these were, if they existed, cured by the final act of confirmation in March, 1883.

The confirmation of a sale made by the guardian under the orders of the Probate Court is conclusive where the record does not show affirmatively that the jurisdiction did not attach. Edwards v. Halbert, 64 Texas, 667; Robertson v. Johnson, 57 Texas, 62.

We think that the judgment should be affirmed.

*Affirmed.*

Adopted June 10, 1890.