## M. A. JACKSON ET AL. V. J. D. HOUSTON.

### No. 7323.

1.   **Probate Sale—Void and Voidable.**—Plaintiff as heir sued in trespass to try title, alleging the facts relied upon to avoid the title of the defendant, which title was through administration sale.   It was alleged, that the grantee of the certificate under which the land was patented died in 1842; that Patton administered on the estate in 1849; that he obtained an order to sell the land to pay the debts of the estate; that he reported the sale at March term, 1849, which was confirmed by the court; that on April 5, 1849, he executed a deed for the land to one Massey, the purchaser, for $96, who on same day reconveyed to Patton for same consideration; that there was no statement of expenses or of claims shown with the application for order of sale; that there were no debts due by the estate, and no necessity for the sale; that the sale was fraudulently made with intent by the administrator that he should become the purchaser; and that the defendant had constructive notice that the sale was fraudulent.   Suit was brought for the land, and to set aside the alleged fraudulent sale, on June 6, 1887.   The defendant demurred, insisting upon limitation of ten years.   *Held*, that the demurrer was properly sustained.

2.   **Cases Adhered to.** — Kleinecke v. Woodward, 42 Texas, 314; Murchison v. White, 54 Texas, 86; Gillenwaters v. Scott, 62 Texas, 673, adhered to.

3.   **Tacking Disabilities — Limitation.** — See facts held insufficient to suspend the statute of limitations.   The facts relied upon by the plaintiff to avoid the statute could prevail only by tacking disabilities.   Latimer v. White, 12 Texas, 61; Rev. Stats., art. 3225.

APPEAL from Wilson.   Tried below before Hon. GEORGE McCOR-MICK.

No statement is necessary.

*B. F. Ballard*, for appellants.—1. Laches or delay of the owner in bringing suit for the recovery of land to which he has the legal title will not defeat his action when there has been no actual adverse possession for a sufficient time to support the statute of limitation.   Delk v.

Punchard, 64 Texas, 360; Simmons v. Blanchard, 46 Texas, 270; House v. Brent, 69 Texas, 29; Williams v. Conger, 49 Texas, 602.

2. The law prohibits a purchase by an administrator at his own sale. Such a sale is fraudulent and void as to the original purchaser and all subsequent purchasers with notice of the fraud. Pasch. Dig., art. 1328; Everett v. Henry, 67 Texas, 404; Everett v. Railway, 67 Texas, 430; Gaston & Thomas v. Dashiell, 55 Texas, 508; Martin v. Robinson, 67 Texas, 381; Fortune v. Killebrew, 70 Texas, 438; Fisher v. Wood, 65 Texas, 204; 1 Perry on Trusts, secs. 194, 195, 207; 2 Id., sec. 758; Story on Ag., sec. 211, and note; Id., secs. 205, 207, 210; Rorer on Judicial Sales, secs. 415, 418, 426; Neyland v. Bendy, 69 Texas, 712; Smith v. McElyea, 68 Texas, 71.

3. The fraudulent acts of the administrator raised a constructive trust, constituting him a trustee for the heir. Fisher v. Wood, 65 Texas, 204; 10 Am. and Eng. Encyc. of Law, p. 73, and notes; Id., p. 74, note 4.

4. Limitation or laches would not apply to such a trust, nor commence to bar the action of the heirs until the trust was repudiated. McCampbell v. Durst, 11 S. W. Rep., 381; Brotherton v. Weatherby, 73 Texas, 471; House v. Brent, 69 Texas, 31; Williams v. Conger, 49 Texas, 582.

5. This was not a collateral action, but direct, and the court had jurisdiction. Fisher v. Wood, 65 Texas, 204; McCampbell v. Durst, 73 Texas, 410.

6. Deed by administrator to purchaser and deed back same day is presumptive of fraud. Thompson v. Shannon, 9 Texas, 536; Hamblin v. Warnecke, 31 Texas, 94.

7. Purchasers were charged with notice of the contents of his deed and chain of title. Everett v. Railway, 67 Texas, 430; Everett v. Henry, 67 Texas, 404; Renick & Frazier v. Dawson, 55 Texas, 108; Willis v. Gay, 48 Texas, 469; Montgomery v. Noyes, 73 Texas, 203; Wade on Notice, sec. 133.

8. The defense of stale demand does not apply against one holding the legal title to land.

*L. H. Brown,* for appellee.—1. An action brought to set aside an administrator's sale of lands thirty-eight years after the sale is made, and no cause being shown nor sufficient excuse given for the long delay in bringing the suit, is a stale demand, and is barred by the statute of limitation of ten years of this State. Kleinecke v. Woodward, 42 Texas, 311; Connolly v. Hammond, 51 Texas, 647; Haskins v. Wallet, 63 Texas, 220, and authorities cited; White v. Jones, 4 S. W. Rep., 161–163.

2. A sale to a person by an administrator of real property belonging to the estate he represents, and a purchase of the same by him from

such person on the same day of conveyance, is not per se fraudulent, and is not in effect a sale to himself of the property, and such a sale is not void nor subject to collateral attack.   Connolly v. Hammond, 51 Texas, 647; Fisher v. Wood, 65 Texas, 205.

HOBBY, PRESIDING JUDGE, *Section A.*—This suit is one of trespass to try title to 640 acres of land, described in the petition.   It was brought by appellant M. A. Jackson on June 6, 1887, who claimed as the only heir and grandchild of Wright N. Kirk, who died intestate, in Fort Bend County, in 1842.   It was alleged, that one John Patton administered on his estate in that county in 1849; that he obtained an order to sell the land to pay the debts of the estate; that he reported the sale of said land at the March term, 1849, which was confirmed by the court; that he subsequently, on April 5, 1849, executed a deed to one J. V. Massey, the purchaser, for $96, who on same day reconveyed by quitclaim deed the land to Patton for the same consideration.   It is also alleged, that the administrator did not make the application for the sale of the land in compliance with law; that there was no statement of expenses of administration or claims; that there were no debts due by said estate, and no necessity for the sale; that it was to be made on a credit of twelve months, with personal security, whereas said sale was made without such security and without consideration.   It was further charged, that the sale was fraudulently made by the administrator, with the intention that he should become the purchaser; and that the defendants had constructive notice of the fact, and that said sale was fraudulently made.

Several special exceptions and pleas in bar were embraced in the answer, but it is not necessary to the disposition of the case that they should be considered.

The question before us arises upon the ruling of the court below in sustaining the third special exception, which is as follows:

"3.   From the said averments on the face of said petition, it appears that the said administration sale to Massey was made thirty-nine years before the filing of this suit, and before the filing of said petition, and *in said petition no cause for the long delay in bringing this action to set aside said sale is shown,* and these defendants here interpose by special exception the statute of limitation of ten years of this State, and also that the demand to have said deed cancelled after so long a time is stale and is a stale demand, and these defenses they urge in bar," etc.

In reply, plaintiff alleged that for ten years prior to the filing of the suit she had been a married woman; that she married in October, 1877; that at the time of the administration on the estate of Wright Kirk, Fredonia Kirk was his heir, and a minor, and so continued un-

til 1861, when she married, and in 1866 she died; that plaintiff inherited her title from said Fredonia Kirk, who was her mother; that plaintiff was born in 1862, and that her minority and coverture has prevented the application of the doctrine of stale demand, etc.

The ruling of the court sustaining the above exception is assigned as error.

Although it is evident from the allegations in the petition that the sale of the land was made by order of a court having the jurisdiction and power to make such order, it is claimed, that because there was no statement of the expenses of administration, and no debts against the estate, and the sale was not made on a credit of twelve months, with personal security, etc., and the administrator was indirectly the purchaser at his own sale, therefore it was void.

The fact that the administrator failed to accompany the application for the sale with a statement of the expenses and claims does not render the sale void. The statutory requirements which it is alleged in the petition were not complied with in making the sale have been held to be directory (Kleinecke v. Woodward, 42 Texas, 314), and the failure to conform to them has not been considered heretofore sufficient to invalidate a sale made by an administrator under the authority of the Probate Court having jurisdiction of the estate. In the case of Fisher v. Wood, 65 Texas, 204, it was held, that although an order to sell and an order of confirmation may have been obtained fraudulently, such sale would stand until set aside by a proper proceeding instituted for that purpose.

The question of the effect of fraud in avoiding an administration sale of property at the suit of an heir was discussed in Murchison v. White, 54 Texas, 85. In that case it was held, that a suit by the heirs to set aside such a sale, and declaring it void on the ground of fraud, must be brought within two years from the removal of their disabilities. In Kleinecke v. Woodward, supra, a suit in all of its essential features similar to the present, brought by the heirs to set aside an administration sale made by the administrator of the father, on the ground of fraud, it was said to be, substantially, a bill of review, and would be barred in two years after the removal of their disabilities. Murchison v. White, 54 Texas, 86; Gillenwaters v. Scott, 62 Texas, 673.

The present suit differs in no important respect from that referred to in the case cited. The appellant claims, that as the patent issued to the heirs of Wright Kirk after his death, but before administration on his estate, the legal title was in plaintiff, and the doctrine of laches has no application. It is evident from the petition that plaintiff's title is derived by inheritance from Wright Kirk, whose property was subject to administration; and whether it was a legal or equitable title, that title passed by the sale, if it was a valid sale. And the question now before

us is, whether this suit was brought to set aside that sale within a proper time.

The sale was made in 1849 by the administrator of the estate of Wright Kirk. At the March term, 1849, of the Probate Court the sale was confirmed, and on the 6th day of April, 1849, John Patton, the administrator, executed the deed to J. N. Massey, the purchaser. The plaintiff's mother, Fredonia Kirk, through whom she derives her title, was the only child and heir of Wright Kirk, and was at the time a minor, and so remained until her marriage, in 1861. Plaintiff was born in 1862, and her mother died in 1866. Plaintiff married in June, 1877. This suit was filed in October, 1887. There was no period of time from 1849 to 1866, the date of the death of plaintiff's mother, during which the statute of limitation ran against her, because her disability of minority which existed when the cause of action accrued existed from the sale of the land until the statute was suspended. And the time after the statute was suspended should not be computed against her until the suspension ceased, in March, 1870. This being so, it is contended by appellant that when the statute was put in motion, in March, 1870, it did not run against the plaintiff, because she was then a minor; and this minority continued until her marriage, in October, 1877, and that consequently her minority and coverture interrupted the statute as to her.

In this view, we do not concur. The appellant M. A. Jackson occupies the same position, in so far as the question of limitation is involved in this case, that her mother Fredonia Kirk, through whom she claims, would have occupied had she lived. Now, if the statute of limitation would not have run against Mrs. Kirk on March 30, 1870, it would have only been so by reason of her coverture, for her minority had ceased in 1861, when she married. Her coverture could not have been invoked if she had lived, because it would have been the connection of her disability of minority with that of her marriage, which could not have been allowed.

That exceptions in the statute can not be accumulated is a well settled and familiar rule. At the time the right of action accrued in this case, in 1849, Mrs. Fredonia Kirk was laboring under the disability of minority. That disability (or exception to the operation of the statute) was, as we have seen, removed by her marriage in 1861. Under well settled and numerous authorities, no subsequent disability or exception can be added. This question was fully considered in White v. Latimer, 12 Texas, 61, and the authorities in other States were there cited. The principle has been repeatedly recognized (Thompson v. Cragg, 24 Texas, 582); and in 1879 was for the first time incorporated in our Revised Code as a part of the statute law of the State. Art. 3225. The statute began to run in March, 1870, against plaintiff, and

the suit was filed in June, 1887. We are of opinion, that the exception setting up the statute of limitation of ten years was properly sustained by the court, and that the judgment should be affirmed.

*Affirmed.*

Adopted May 17, 1892.