ROY HINES ET AL. v. MRS. S. E. GIVENS ET AL.

Decided May 3, 1902.

1.—Probate Court—Presumption of Jurisdiction—Community Administration—Bond of Survivor.

The probate court having authority to require a new bond of a survivor in community under certain conditions, it could not be shown in a collateral attack on its order approving a new bond, which in terms released the old bond here sued on, that the conditions did not exist justifying the making of such order, as the probate courts are courts of general jurisdiction within the scope prescribed in the Constitution, and entitled to the same presumptions in favor of their judgments, within that scope, as are other courts of general jurisdiction.

2.—Same—New Bond Upheld.

Where plaintiffs, as heirs of the wife, sued on the first bond given by the husband as survivor in community, alleging that a second bond, by virtue of which the obligors on the first bond claimed to be released, was executed without any order requiring it, and without any prior proceedings, and that no conditions existed requiring a new bond, but the petition also disclosed that the first bond was for a less amount than the appraised value of the community estate, the court was thereby shown to have had authority to act, since the statute provides that insufficiency in the amount of a bond is a ground for requiring a new one, and as the order is to be presumed regular, despite the failure of the record to show the prior proceedings, a demurrer to plaintiff's petition was properly sustained.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*Jeff Ward,* for appellants.

*Morris & Crow* and *Taylor & Coombes,* for appellees.

RAINEY, Chief Justice.—Appellants sued to recover on a bond given by their father, M. Hines, as survivor in the community estate of himself and his deceased wife, the mother of appellants.

The petition shows: That on the death of Mrs. Hines, M. Hines, in July, 1885, applied to the County Court of Dallas County to be appointed to administer the community estate as survivor. An inventory and appraisement of said estate were duly made and filed. Said Hines executed a statutory bond with G. W. Givens and A. B. Floyd as sureties, which was duly approved by the county judge, who caused the proper order in relation thereto to be entered upon the minutes of the probate court. The bond was regular in every respect except it was for the amount of $1753, when the amount of the appraisement was $2158.

Thereafter, on July 22, 1885, said M. Hines presented to the County Court of Dallas County another bond for the amount of $2158, with W. R. Robinson, Thos. J. Pollard, J. T. Smith, and E. A. Belt as sureties, conditioned as required of a community survivor under the statute, on which the county judge indorsed: "Upon the approval of this bond, the bond heretofore given is canceled and the sureties released. E. G. Bower, Judge." Also, "Approved July 23, 1885, E. G. Bower, County Judge." Said instrument was duly recorded and upon the court minutes was entered the following: "Community estate of Mattie E. Hines, No. 831, deceased, and M. Hines, survivor. Entered by order of the. court as on July 23, 1885. Now comes M. Hines and presents to the court for approval his bond in lieu of the one heretofore given as survivor in the sum of $1753, with E. A. Belt, J. T. Smith, and Thomas Pollard as sureties, and the same being inspected by the court and deemed good and sufficient, said bond is hereby approved and ordered recorded, and the sureties on the old bond released."

That said last bond was made and executed without any order requiring it to be made, without any citation, "or without any antecedent proceedings or orders with reference thereto, and without there existing any of the grounds, reasons, facts, or conditions requiring or authorizing the giving of a new bond," etc. That no necessity existed for a new bond and none of the prerequisities under the law were had pertaining to the execution of a new bond. That after the approval of the first bond said Hines took control of said estate, etc., and by proper averments showed a disposal of same, but said disposition was shown to have been after the execution of the first bond and giving of the second.

The court sustained a general demurrer to the plaintiff's petition, whereupon plaintiffs dismissed their cause of action on the second bond and refused to amend, whereupon the suit was dismissed by the court, from which plaintiff prosecutes this appeal.

The allegations of plaintiffs' petition were full as to the grounds upon which a recovery was sought, and it is unnecessary to state them here, as the foregoing statement is sufficient to show the basis of the recovery sought by plaintiff and upon which the court predicated its ruling.

The only issue presented is the effect to be given the second bond given.

by Hines and approved by the county judge. Appellant contends that by the proceedings approving the first bond tendered by M. Hines, the order of the court appointing him administrator of the community estate and authorizing him to control, manage, and dispose of same, removed him from the jurisdiction of the probate court, except in certain contingencies, none of which it is claimed existed, and the taking of the new (or second) bond was a nullity, and the first bond was not affected thereby. It is also contended that as the probate court is of "limited jurisdiction, it was necessary that every prerequisite proceeding and act and order should be shown to have been taken by the court to authorize the second bond and release of the sureties on the first bond."

This last contention would apply to courts of strictly limited jurisdiction. But has it this application in this case? The probate courts of this State are courts of general jurisdiction within the scope prescribed by the Constitution, and their orders and judgments rendered within the scope prescribed import absolute verity, and all presumptions will be indulged in favor of the jurisdiction when exercised over a subject matter confined to them that would be indulged in favor of the other courts of general jurisdiction when collaterally attacked. Weems v. Masterson, 80 Texas, 45; Bouldin v. Miller, 87 Texas, 359; Crawford v. McDonald, 88 Texas, 626; Stroud v. Hawkins, 4 Texas Ct. Rep., 726.

The statute confers upon the probate courts the power to require of the community administrator a new bond under certain conditions. The court having jurisdiction to require a new bond, and this being a collateral attack, can the question be here raised as to whether the facts existed which authorized the court to accept a new bond? We think not. The order approving the second bond and releasing the sureties on the first not showing on its face the want of jurisdiction to hear and determine the matter, it must be presumed that it was properly exercised. Whether the facts existed which would justify the court to require a new bond can not be inquired into in a collateral proceeding. It is different where jurisdiction has not been acquired; for instance, in a case where service of citation is a prerequisite and none has been had. In such a case notice is a prerequisite to jurisdiction. Bouldin v. Miller, 87 Texas, 539.

While plaintiff's petition alleges that no facts existed requiring a new bond, yet it shows that the first bond was insufficient in amount, being less than the amount of the appraisement. One of the grounds prescribed by the statute for requiring a new bond is where the bond given is insufficient in amount. Rev. Stats., arts. 2229, 1949. The insufficiency in amount of the first bond being alleged, formed a basis for the action of the court in the premises. That there is no order or record showing any prior proceedings to the approving of the second bond and entering the order releasing the sureties does not affect the presumption in favor of the regularity of such order. It was the duty of the county judge to require a new bond, and that the survivor presented one does not change the conditions, as it will be presumed it was done by order of the court. If, without an order from the court, the survivor

knew of the defect in the first bond, it was his duty as a faithful administrator to have informed the court of the defect and presented a new bond.

The case of Richardson v. Overleese, 44 Southwestern Reporter, 308 is cited by appellants in support of their contention. That case is not applicable here. There the survivor had been duly qualified and afterward executed an "additional" bond to cover property that was not inventoried when the first bond was given, but which property was discovered sometime after he had qualified as survivor. It was not a new bond intended to take the place of the original bond, but merely as a supplement thereto. It was held that the additional bond was not required or contemplated by the statute, and that the first bond covered the property, whether inventoried or not.

We are of the opinion that the demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.