### DAIMWOOD v. DRISCOLL et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1912. On Motion for Rehearing, Dec. 11, 1912.)

**1. EXECUTORS AND ADMINISTRATORS (§ 383\*)—JURISDICTION—SALES OF LAND—COLLATERAL ATTACK.**

Though, in order to sell lands to pay debts, there must be a citation as directed by Rev. St. 1895, art. 2123, on collateral attack it will be presumed that due service had been obtained.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1554; Dec. Dig. § 383.\*]

**2. EXECUTORS AND ADMINISTRATORS (§ 383\*)—APPLICATION TO SELL LANDS—COLLATERAL ATTACK.**

An application by an executor, in form one to sell lands to pay debts, which alleged that there were no debts against the estate, except that due the executor, that the estate was not capable of partition among the heirs in a manner just and profitable to them, or any of them, and that, in order to partition said estate with any degree of accuracy, a sale was necessary, is not one for partition, but one for the payment of debts; and, although it does not comply with Rev. St. 1895, art. 2123, providing essentials for such application, it is not void, and cannot be attacked collaterally.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1554; Dec. Dig. § 383.\*]

**3. EXECUTORS AND ADMINISTRATORS (§ 383\*)—SALES OF LAND—NOTICE.**

A sale of land by an executor by order of court, without notice, is not void, but voidable.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1554; Dec. Dig. § 383.\*]

**4. EXECUTORS AND ADMINISTRATORS (§ 388\*)—SALES OF LAND—NOTICE.**

Where the court, acting on an application by an executor, made an order of sale and confirmed it, a purchaser could assume that the order was properly made upon notice and facts that authorized it.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.\*]

**5. INFANTS (§ 29\*)—SALES OF LAND BY EXECUTOR.**

Where an infant solemnly ratified the sale of land of an executor after reaching maturity, he cannot set it aside for irregularities after the land had greatly increased in value.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 37–40; Dec. Dig. § 29.\*]

**6. INFANTS (§ 30\*)—CONTRACTS—AFFIRMANCE—CONTRACTS.**

An infant, who did not attempt to disaffirm a sale until three years after his majority, will be held to have affirmed it.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41–49, 54, 55; Dec. Dig. § 30.\*]

On Motion for Rehearing.

**7. EXECUTORS AND ADMINISTRATORS (§ 383\*)—SALES OF LAND—FORM OF APPLICATION.**

The failure to show the expenses and claims of the executor, in an application for sale of land, as required by Rev. St. 1895, art. 2123, rendered the sale only voidable, even though there were no debts due to any one; and it could not be collaterally attacked.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1554; Dec. Dig. § 383.\*]

**8. EXECUTORS AND ADMINISTRATORS (§ 383\*)—SALES OF LAND—COLLATERAL ATTACK.**

Where the application to sell lands showed that debts were due the executor, it will be presumed, on collateral attack, that the law in regard to claims of an executor was fully complied with.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1554; Dec. Dig. § 383.\*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by W. H. Daimwood against R. Driscoll and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Charles Turner, of Corpus Christi, and L. C. McBride, of Dallas, for appellant. G. R. Scott and Boone & Pope, all of Corpus Christi, and Dougherty & Dougherty, of Beeville, for appellees.

FLY, J. This is an action of trespass to try title to three-fifths of 1,328.89 acres of land in Nueces county out of the Puenticitas grant, instituted by appellant against R. Driscoll, Samuel Althaus, and Jim Jacobson. Appellee Driscoll pleaded not guilty, and three, five, and ten years' limitation, and further pleaded his title to the land through a sale made by the executor of the estate of Mrs. Ursula Daimwood under authority of an order of the probate court of Nueces county, and that each of the heirs of Mrs. Ursula Daimwood, among the number appellant and Ida Magnenat and Amelia Augusta Daimwood, whose interest in the estate appellant claimed, received his or her proportion of the money received from the sale of the land, and each, in all things, fully ratified said sale. The suit was dismissed as to Althaus and Jacobson by appellant, and the cause was tried by the court and judgment rendered in favor of appellee.

On May 14, 1895, Mrs. Ursula Daimwood died in Corpus Christi, Nueces county, leaving a will in which she bequeathed the land in controversy, which she owned in fee simple, to her five children, Lelia Belle Daimwood, now Henderson, born September 18, 1880, Maggie May Daimwood, born February 14, 1882, Ida Gertrude Daimwood, now Magnenat, born November 1, 1883, Amelia Augusta Daimwood, born January 12, 1885, and appellant, William Henry Daimwood, born June 7, 1886. Lelia Belle was married to Fred D. Henderson December 6, 1905, and Ida Gertrude to Fred L. Magnenat October 25, 1906.

It was provided in the will that Charles A. Meuly, the brother of the testatrix, should be the executor of the will, and on March 23,

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

1896, he duly and legally qualified as such, and, together with appraisers. returned into court an inventory and appraisement of the estate; the land in controversy being included therein. The inventory and appraisement were duly approved, and on May 4, 1899, the executor applied for and obtained from the probate court an order of sale of the land in controversy. The application for an order recited "that there are now no debts against said estate, except what is due your executor, and that said estate is not capable of partition among the heirs of said estate in a manner that would be just and profitable to them, or any of them, and that, in order to partition said estate with any degree of accuracy, a sale will be necessary." The only citation of the heirs indicated by the record was by posting notices.

In order to procure a sale under the provisions of chapter 22 of title 39, Rev. Stats., it is provided that an application for an order of sale shall be in writing, with a description of the real estate sought to be sold, accompanied by an exhibit in writing, verified by the affidavit of the executor or administrator, showing the claims approved and established by suit against the estate and the amount claimed on each, the estimated expenses of administration, and the property remaining on hand liable for the payment of such charges and claims. Article 2123. The citation in that case is a general one to all persons interested in the estate, describing the land to be sold, and requiring such persons to appear at the term named in such citation and show cause, should they so desire, why the sale should not be made. The citation is to be posted in the manner provided for other citations for 30 days, and the return made in the usual manner. That kind of notice was given in this case.

[1] Probate courts are courts of general jurisdiction in matters pertaining to estates of deceased persons. Murchison v. White, 54 Tex. 83; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. But, in order to obtain the power and authority to sell the lands of an estate to pay debts, or to partition them, there must be citation as directed by statute. In a collateral attack, however, as this undoubtedly is, it will be presumed that due service had been obtained. Bouldin v. Miller, 87 Tex. 359, 28 S. W. 940: Hines v. Givens, 29 Tex. Civ. App. 517, 68 S. W. 295; Templeton v. Ferguson, 89 Tex. 57, 33 S. W. 329; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150.

[2] The citation was issued as provided for in case of a sale of land to pay debts, but the application for the sale does not comply with the law; but it has been held that, even though the application fails to state the grounds given by statute, still that will not render the sale void. Kleinecke v. Woodward, 42 Tex. 314; Gillenwaters v.

Scott, 62 Tex. 670; Jackson v. Houston, 84 Tex. 622, 19 S. W. 799; Weems v. Masterson, 80 Tex. 45, 15 S. W. 590; Taffinder v. Merrell, 95 Tex. 95, 65 S. W. 177, 93 Am. St. Rep. 814. Not being void, it could not be attacked in a collateral proceeding.

The application for the sale could not have been one for partition, although it so stated therein; for it had none of the essentials of an application for a partition. As an application for the payment of debts, although defective, it would form the basis for an order that could not be attacked in a collateral proceeding.

[3] If there was no notice of the sale given by the executor, it would not follow that the sale was void; for it has been held a number of times in this state that orders of sale of real property, without the notice prescribed, are not void, but merely irregular and voidable. George v. Watson, 19 Tex. 369; Hurley v. Barnard, 48 Tex. 87; Heath v. Layne, 62 Tex. 686; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Kendrick v. Wheeler, 85 Tex. 247, 20 S. W. 44; Halbert v. Martin, 30 S. W. 388; Hirshfield v. Brown, 30 S. W. 962.

[4] When the court acted upon the application and made the order of sale and then confirmed it, appellee was not required to look beyond those orders, and could proceed upon the assumption that the order was properly made upon notice and facts that authorized it. Weems v. Masterson, herein cited; Robertson v. Johnson, 57 Tex. 62; Edwards v. Halbert, 64 Tex. 667; Butler v. Stephens, 77 Tex. 599, 14 S. W. 202; Corley v. Goll, 8 Tex. Civ. App. 184, 27 S. W. 820; Stroud v. Hawkins, 28 Tex. Civ. App. 321, 67 S. W. 534. As said by our late Chief Justice James in the case of Corley v. Goll: "We are strongly inclined to the opinion that where such a sale is brought into question in a collateral manner the decree of confirmation should protect the purchaser, and be preclusive of all questions, save that of jurisdiction of the court over the estate, which, as we have seen, the court had in this instance." Or, as said in Heath v. Layne, cited: "The purchaser is not required to go behind the order of probate sale to see that the administrator has been duly appointed and continued, and that the proceedings have all been regular." The record in this case does not show want of jurisdiction in the probate court. If the record showed a failure to obtain service for a partition, it did not show it as to a sale. Those interested in the estate were properly cited as to a sale of the property.

[5] The money arising from the sale was used for the maintenance and support of the heirs, and all of them, having full knowledge of the sale, ratified and confirmed it. when they became qualified so to do. All the facts and circumstances tend to show that they knew about the sale of the land

and settled with the executor and gave him a full receipt for everything for which he was indebted to each of them. He testified to that fact, and none of them denies it. The land brought its market value, and appellant, as well as his sisters, received the benefit of every dollar of it. It has been held that an infant is not permitted, in equity, to enjoy the proceeds of a sale of his property, and then repudiate the sale as irregular or void, any more than an adult, whether the sale is by act of the infant or by authority of law. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Commonwealth v. Shuman, 18 Pa. 346. But if this be not the true doctrine, when he solemnly ratifies the sale of land by accepting the proceeds of the sale after reaching maturity, he should not, in equity and good conscience, be allowed to set it aside on account of irregularities after the land has greatly increased in value. Ferguson v. Railway, 73 Tex. 344, 11 S. W. 347; Nanny v. Allen, 77 Tex. 240, 13 S. W. 989.

[6] Ordinarily any words or conduct clearly and unequivocally indicating an intention to be bound by the contract is sufficient. Mechem on Sales, § 104. In Bingham v. Barley, 55 Tex. 281, 40 Am. Rep. 801, it was held that the retention of the purchase money or property may well be considered an affirmative act showing an intention to affirm; and so long silence and acquiescence may furnish conclusive evidence of ratification. In this case, not only did appellant settle with the executor on the basis of the sale of the property, but he waited nearly three years after attaining his majority before he instituted this suit. As said in the last case cited: "The doctrine of reasonable time in which to disaffirm commends itself to our judgment. It is not the policy of the laws of this state to extend favor and indulgence to laches. Boys here become men owning and capable of managing property, precociously, and lands increase in value with surprising rapidity, and the country is fast filling up with new settlers seeking homes. Shorter periods of limitation are more needful to the welfare of the people than in other countries of slower growth. To apply the statute as the limit of time upon the minor's coming of age to avoid his deed would unsettle titles, stimulate cupidity, and work only mischief. * * * The silence or nonclaim of the minor for a considerable length of time, though less than the period of limitation for the recovery of lands, may as effectually prove his affirmance or ratification, in connection with the circumstances of the case, as his express acts or declarations to that effect." It has been held that even one year was not a reasonable time in which to disaffirm a sale made during minority. Askey v. Williams, 74 Tex. 294, 11 S. W. 1101, 5 L. R. A. 176.

The application made by the executor, while imperfect as an application for sale for debts, was treated as one by the court, and all the proceedings were taken as under an application for sale, and not for partition. There was no application for partition; but it is merely stated as an inducement to or reason for the sale that the property was not bringing interest, and was incapable of partition among the heirs. The executor did not ask the court to partition the land, but only sought to sell; and the court did not in terms authorize a partition, but did grant the authority to sell. That a partition was not desired is further apparent from the fact that only a part of the lands of the estate were included in the partition. In his report of sale the executor did not mention a partition, but merely reported a sale and prayed for a confirmation of the same; and in the order of confirmation there is no mention of a partition, but only of a sale which was approved and confirmed by the court. There was no partition of the estate, or any part of it, by the executor until the heirs had reached their majority. The rules relating to the sale of property of an estate, and not of partition, must be applied in this case. The application for sale was undoubtedly defective, but it is not subject to collateral attack. Taffinder v. Merrell, herein cited; Driggs v. Grantham, 41 S. W. 408.

The judgment is affirmed.

### On Motion for Rehearing.

The probate court is one of general jurisdiction in matters pertaining to estates of decedents, and this attack on its judgment is a collateral one, subject to the rules that prevail in regard to such attacks. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Alexander v. Maverick, 18 Tex. 179, 67 Am. Dec. 693; Guilford v. Love, 49 Tex. 735; Harris County v. Stewart, 91 Tex. 133, 41 S. W. 650.

[7] The county court of Nueces county undoubtedly had acquired jurisdiction of the estate of Ursula Daimwood; and the court was as certainly within the exercise of its ordinary functions in selling the land to pay the debts of the estate, whether they were due the executor or any one else. The failure to show the expenses and claims of the executor in the application for sale did not render the sale void; and, even though there were no debts due to any one, the sale would be merely voidable, and could not be attacked in a collateral proceeding. Jackson v. Houston, 84 Tex. 622, 19 S. W. 799; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329.

It is earnestly insisted that the court attempted a partition of the land, and yet no partition is mentioned in the report of sale or order of confirmation; and in his final report it is shown that there was no partition of the proceeds arising from the sale of the land. No reference is made to a partition after the mention in the order of sale

that it was made "for the purpose of distribution among the heirs of said estate."

[8] The application for sale represented that debts were due the' executor; and it will be presumed that the law in regard to claims of an executor or administrator was fully complied with. Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Kendrick v. Wheeler, 85 Tex. 247, 20 S. W. 44; Diggs v. Grantham, 41 S. W. 409.

The order of sale was not void, and was ratified by appellant.

The motion is overruled.