EASTERLINE et al. v. BEAN.　(No. 1803.)

Court of Civil Appeals of Texas.　Beaumont.
March 21, 1929.

Rehearing Denied March 27, 1929.

Adams & Hamilton, of Jasper, and J. J. Collins, of Lufkin, for appellants.

John B. Warren, of Houston, for appellee.

WALKER, J. This was a trespass to try title suit by appellants, two of the heirs of Benjamin F. Easterline, against appellee, Dr. B. F. Bean, to recover 364⅔ acres of land, a part of the Owens Taylor survey in Jasper county. Upon an instructed verdict judgment was entered in appellee's favor. On the 29th of January, 1909, Easterline was adjudged insane. On the 15th of the following February, Minerva Ann Bayles was appointed guardian of his person and estate by the probate court of Jasper county. On the 20th day of that month she duly qualified as such guardian. On the 9th of the following March, as guardian, she made application to the probate court of Jasper county to sell the land in controversy. The application to sell was duly granted and sale ordered on the 15th of March, as prayed for in the application. On the 17th of March, as guardian, she made report of sale to the probate court, showing that she had sold at private sale, as ordered by the court, the land in controversy, to appellee, Dr. B. F. Bean. On the 23d of March the probate court entered its order duly confirming the sale as reported. On the 25th of March, the guardian executed her deed as directed by the order of confirmation, conveying the land in controversy to Dr. Bean. Without quoting from these various orders, we say of them that they are in all things regular, and on their face recite full compliance with the statutory regulations for the sale of the ward's real estate by his guardian.

On the trial appellant attacked the guardian's sale of the land by offering evidence to the effect that the ward died on the 20th of March, prior to confirmation of the order of sale on the 23d of March. Appellee offered evidence to the effect that Easterline died on the 28th of March, subsequent to the order of confirmation and the execution and delivery to him of the deed in question. The verdict was instructed in appellee's favor on the trial court's conclusion that the guardian's deed and the orders supporting it were not subject to collateral attack. Though appellee pleaded the several statutes of limitation, and in support of the instructed verdict insists before us that the evidence as a matter of law supported these pleas, a review of this evidence is not necessary, since in our judgment the trial court's theory is the law of the case.

The orders and decrees of the probate court were not subject to collateral attack, and appellant's attack was collateral. Therefore appellants could not impeach the sale to appellee by showing that Easterline died on the 20th of March prior to the entry of the order of confirmation, but subsequent to the date of the order of sale and the filing by the guardian of the report of sale. In Hines v. Givens, 29 Tex. Civ. App. 517, 68 S. W. 295, it was said: "The probate courts of this state are courts of general jurisdiction, within the scope prescribed by the constitution; and their orders and judgments rendered within the scope prescribed import absolute verity, and all presumptions will be indulged in favor of the jurisdiction, when exercised over a subject-matter confided to them, that would be indulged in favor of the other courts of general jurisdiction when collaterally attacked. Weems v. Masterson, 80 Tex. 45, 15 S. W. 590; Bouldin v. Miller, 87 Tex. 359, 28 S. W. 940; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Stroud v. Hawkins [28 Tex. Civ. App. 321] 67 S. W. 534, 4 Tex. Ct. Rep. 726." See, also, McGrady v. Clary (Tex. Civ. App.) 247 S. W. 1099, for citation of irregularities not admissible on collateral attack.

As a general proposition, appellants do not deny that probate courts are courts of general jurisdiction, and, where they have jurisdiction, that their judgments are not subject to collateral attack. But it is their proposition here that the death of Benjamin F. Easterline, though it occurred after the application for sale was made and granted and report of sale made and filed, showing the sale to Dr. Bean, deprived the probate court of jurisdiction to enter the order of confirmation, and therefore that the order and guardian's deed under its direction were absolutely void, and, being nullities, were subject to collateral attack in any court and in any proceeding involving their validity. Appellant's proposition is not sound. Under the authorities cited, the judgment and orders of the probate courts are entitled to the same presumptions indulged "in favor of the other courts of general jurisdiction when collaterally attacked." No cases have been cited in point on the facts of this case involving the validity of orders and judgments in probate.

736

But we think an attack upon the order of confirmation, where the application of sale was duly filed and granted and report of sale was duly made and filed (that is, where the probate court has acquired jurisdiction over the particular proceeding involved), but the ward dies before the entry of the order of confirmation, and where all the proceedings are regular and nothing appears on the face of the record impeaching their validity, is on all fours with the collateral attack upon the judgment of a district court where the defendant has been duly cited and answers, but dies before judgment is entered, with no suggestion of his death and nothing on the record to reflect that fact, and judgment is entered as if he were living. Construing such a judgment, it was said in Flores v. Maverick (Tex. Civ. App.) 26 S. W. 316:

"It has been held without exception in this state by our Supreme Court that a judgment rendered against a deceased person, the court having acquired jurisdiction of such person and of the subject-matter of the suit, is not void, but voidable only, and not subject to collateral attack. Taylor v. Snow, 47 Tex. 462 [26 Am. Rep. 311]; Cain v. Woodward, 74 Tex. 549, 12 S. W. 319; Milam Co. v. Robertson, 47 Tex. 222; Giddings v. Steele, 28 Tex. 732 [91 Am. Dec. 336]."

■ Appellants cite and directly invoke article 4296, R. S., as making the orders in question void. This article is as follows: "When the ward dies, or if a minor, arrives at the age of twenty-one years, or if a female, marries, or, if a person of unsound mind or habitual drunkard, is restored and discharged from guardianship, the guardianship shall be immediately settled and closed and the guardian discharged, as provided in this chapter." There is nothing in this article denying the *jurisdiction* of the probate courts to conclude, after the death of the ward, all matters over which their jurisdiction has been regularly invoked. Under this article the general rule seems to be that when the ward dies the duties of the guardian are at an end, "except, alone, for the purposes of paying claims theretofore approved, or making his final account, and obtaining as soon as he can, for his protection in the future, an order of final settlement and discharge." This was the language of Judge West, speaking for the Supreme Court in Young v. Gray, 60 Tex. 543, construing Timmins v. Bonner, 58 Tex. 554.

■ Having the power to act in guardianship after the death of the ward, the question is one of the proper exercise of that power. In determining that question against a collateral attack, the judgments of probate courts must be given the same presumptions indulged in favor of the judgments of other courts of general jurisdiction, and the rule as to such other courts was clearly stated in our citation from Flores v. Maverick, supra. The entry of an order of confirmation after the death of the ward is an erroneous exercise of jurisdiction; and subjects the judgment to direct attack when timely prosecuted, or to collateral attack where the defect appears on the face of the record. That does not follow, however, because of *want of jurisdiction*, for on that proposition the judgment would be absolutely void and subject to collateral attack, but because it is made to appear affirmatively upon the face of the record that the court erroneously exercised its jurisdiction. In that event there would be no ground for the presumption of regularity. For this reason Alford v. Halbert, 74 Tex. 346, 12 S. W. 75, cited by appellants, does not support their proposition. In that case the exact point was the want of authority in the probate court to sell the ward's land after the death of the ward, where no application had been made before the ward's death, which fact appeared on the face of the record. The facts were that the ward died leaving real estate incumbered by certain liens. Could the probate court, in the exercise of its powers over the guardianship, order the land sold to satisfy the liens, or could the sale be made only through an administration? Answering that question, the court said:

"We think the only course left him was to administer in the proper court upon the estate of the deceased ward. There is no authority under our law, in a guardianship proceeding, giving the probate court jurisdiction to order a sale of land to pay debts after the death of the ward. 'Death of the ward * * * terminates the guardianship.' Fortson v. Alford, 62 Tex. 580."

The point is further illustrated by Young v. Gray, supra, where it was said: "The question presented for our consideration, in this case, in relation to the action of the county court of Rusk county in the matter of the final partition and distribution of the deceased minor's estate, in a proceeding there instituted for that purpose, against the guardian, is not free from difficulty. It has been very carefully inquired into, and all authorities accessible to us bearing on the subject have been examined. After much deliberation we have reached the conclusion that in a suit of this kind, in the county court, against the guardian after the death of his ward, that the county court has no power, in such a character of proceeding, to make by its decree a final partition and distribution of the estate of such deceased ward among those who claim to be by law entitled to its enjoyment. Nor is there any such action contemplated or provided for in the statutes regulating the relation of guardian and ward."

Agreeing with the trial court that the judgment and decrees of the probate court offered by appellee in support of his deed were not subject to collateral attack, the judgment on the instructed verdict is for that reason affirmed.