REUBEN HERNDON v. CARY L. RICE.

An order of Court granting a new trial upon the payment of all costs of the Term, is not a judgment upon which execution may issue for such costs.

Where land is levied upon and sold under a void execution and the purchaser pays the amount bid, which is appropriated to the payment of the debt of the defendant in such execution, in a suit to set aside the sale as a cloud upon his title by the party whose land was sold, the decree annulling the sale should also direct the money so paid to be refunded.

Had the purchaser under the sale sought to cancel his deed and recover back the money which he had paid, he could succeed only to the extent of his legal rights, and would not be entitled to such recovery.

Where the verdict of a jury is in favor of the plaintiff generally, and there are two defendants, both appearing equally in default, it is error to render judgment for costs against one alone.

Where there has been an effort to comply with the law, in giving a bond to secure costs, or any other bond required in a cause, but the bond is defective, Courts as a general rule will permit a new bond to be given.

A defective bond for costs having been given, and no objection having been made to it for several Terms, and no motion or notice of objection filed, before announcing ready for trial, and no reason appearing why the objection was not made sooner, the Court rightly disregarded a motion to dismiss, then made, for a failure to comply.

Error from Wood. Tried below before Hon. C. A. Frazer.

Suit by defendant in error to cancel a deed made to the plaintiff in error by the Sheriff, under an execution, the recital of which is as follows: "Whereas, at our Hon. District Court, Fall Term, A. D. 1853, it was ordered by said Court that Charles F. Stanley, Isaac Wilkins, and Cary F. Rice, have a new trial, on payment of all costs for this Term of the Court, therefore you are hereby commanded, of the goods, chattels," &c., &c.; also against the Sheriff and his sureties on his official bond, for damages for levying and selling under said execution, alleging it to be void. In one of his amendments to his petition, plaintiff offered to refund the money paid by the defendant at the sale made by the Sheriff. There was a rule for security for costs, which was attempted to be complied with, but the bond given was defective, and after the parties announced themselves ready for trial defendant below moved to dismiss, because of non-compliance with the rule, which motion was overruled. The Court charged the jury as follows: "The execution offered in evidence, as to the issues before you, is void, and if you believe from the testimony, that the defendant Herndon purchased the land in controversy, at a sale made by the defendant Stout, or his (deputy,) under said execution, you will find for the plaintiff, otherwise you will find for the defendants." The verdict was in the following

words: " We, the jury, find for the plaintiff." The judgment dismissed the petition as to the sureties on the Sheriff's bond, and as to the claim set up for damages, and annulled the sale made by the Sheriff Stout, and taxed the defendant Herndon with all the costs. Herndon prosecuted a writ of error, and among others assigned the following errors :

1st. The Court erred in refusing to dismiss for non-compliance with the rule entered for security for costs.

2d. The charge of the Court was erroneous.

3d. The judgment is not warranted by the pleadings, the law or the finding of the jury.

*J. H. Dearborn*, for plaintiff in error, cited Howard v. North, (5 Tex. R. 290 ;) Horan v. Wahrenberger, (9. Tex. R. 313 ;) Teas v. McDonald, (13 Tex. R. 349 ;) Scott & Rose v. Allen, (1 Tex. R. 508.)

*Winston Banks*, for defendant in error.

ROBERTS, J. It is only necessary to notice that part of this case which relates to the cancellation of the deed which constituted a cloud upon defendant's title. That part of it which related to damages, and to the sureties of the Sheriff, was disposed of upon exception against defendant in error, of which he has made no complaint.

The execution showed upon its face, that the order of the Court was not a judgment for the recovery of costs, upon which an execution could issue. It was merely an order granting a new trial, in a cause on payment of all costs of the Term. The phraseology of the order would not indicate any design of issuing an execution. The Court therefore charged correctly, that the execution was void. That being the case, the purchaser, Herndon, derived no title by and through the Sheriff's deed. But Herndon having paid forty-one dollars

in satisfaction of Rice's debt, as appears by the indorsement of the Sheriff on the execution, and by the admission of Rice in his amended petition, should not the Court have decreed this money to be refunded? We think so. This does not stand on the same ground as if Herndon, having become dissatisfied with his bargain, sought to cancel his deed and recover back the purchase money.. Rice might rest upon his legal rights, and meet this void deed by his defence against it when his title might be assailed. This however he prefers not to do, but seeks to set a Court of equity into motion to anticipate and remove the ground of possible attack upon his title. This is a remedy *ex gratia*, dependent upon the sound discretion of the Court, and will never be exercised without doing ample justice to both sides, so far as it is practicable. (2 Story Eq. Jurisp., Secs. 693, 696, 707, and Hatch v. Garza, 7 Tex. R. 61.) Indeed, the plaintiff below offered by his pleadings to permit judgment to be rendered against him for this amount, if the Court should deem it to be equitable. This money has been appropriated to Rice's benefit, and as he is asking the Court to relieve him from and fortify him against all the disadvantages of this sale by the Sheriff, it would hardly be equitable in him to retain this substantial advantage of it.

The verdict of the jury was in favor of the plaintiff, Rice, generally, on the issue presented, and against Stout and Herndon. The judgment for costs was rendered against Herndon alone. It is not perceived upon what equity, in favor of Stout, he was relieved from an equal participation with Herndon in the payment of the costs. Surely he was as much in fault in spreading the cloud, swept off by the suit, in selling the land as Sheriff under a void execution, as Herndon was in purchasing it.

We think the Court erred therefore in not joining Stout in the judgment for costs.

From a bill of exceptions, it appears that some objection was made, after announcement for trial, to the bond given to

secure the cost. The bond was defective in its condition, and perhaps in other respects. The trial was in 1857, and this bond was given in 1855. There does not appear to have been any motion filed pointing out any objection to the bond, during all this time. It is presumed the attention of the Court was called to it, by verbal motion, after both parties had announced themselves ready for trial. The Statute, referring to the penalty for non-compliance with a rule for security for costs, provides that "if such rule be entered against the plaintiff, and he fail to comply therewith on or before the first day of the next Term of the Court, the suit shall be dismissed." Here there had been an effort to comply, which had been acquiesced in, or at least not objected to, for several Terms of the Court. The general rule is, that where there has been an effort to comply with the law, in giving a bond that may be required, but the bond is defective, the Court will permit a new bond to be given. This motion to dismiss, then, for want of a good bond, should be made at a time and in a manner calculated to secure the object contemplated by the law—to-wit: the giving of a good bond,—and not at a time and in a way to procure a dismissal of the suit for want of time to make and file a new bond. That would be permitting a manifest perversion of an advantage given to defendant over the plaintiff in a suit.

In this case, then, the bond having been given, and no objection having been made to it for several Terms, and no motion or notice of objection having been filed before the announcement, and no reason appearing why the objection was not made sooner, the Court did not err in overruling or disregarding such verbal motion then made.

Judgment reversed and remanded, that Court below may render decree herein.

Reversed and remanded.