JESSIE KENDRICK ET AL. V. WALTER WHEELER AND J. H. BOWMAN.

No. 7470.

1. **Notice of Application for Guardian Sale.**— That a notice by a guardian of an application for sale of land was not published for the length of time prescribed by the statute, does not render a sale under an order of court made upon such defective citation void against a purchaser under such order.

2. **Father and Child—Duty of Father to Support Child.**— While it is the duty of the father to support his children out of his own means, still where they have an estate and he is unable, the court will allow such support out of the estate of the children.

3. **Effect of Order of Sale.**—A purchaser under an order of court for sale of property of an estate need not look beyond such order and inquire as to its regularity, or whether facts exist supporting such order.

4. **Jurisdiction in Avoiding a Sale.**—When jurisdiction is invoked to set aside a sale made by a guardian. the court has the power to attach equitable conditions to such order; e. g., requiring return of purchase money.

5. **Guardian and Ward—Acts of Guardian.**—Where wards attack a sale made by their guardian, who made the sale and received the purchase money, they are bound by the act of the guardian in receiving the purchase money, whether it was ever received by them or not. Their relief for the money, if not received, is upon the guardian's bond.

6. **Purchase at Guardian Sale.**—A purchaser at a guardian's sale is not required to see to the proper application of the purchase money, or that the guardian executes his trust in a legal way in his dealing with the funds of his wards after it goes into his possession.

7. **Refunding Purchase Money in Avoiding a Sale.**—Where third parties, under the sanction of an order of court, in good faith deal with a guardian, it would be inequitable to permit the ward to disturb rights thereby acquired unless the consideration paid should be refunded.

APPEAL from Collin.   Tried below before Hon. H. O. HEAD.

May 20, 1889, appellants instituted this suit in the County Court, by

bill of review, against appellees, seeking to set aside and review certain orders of the Probate Court made at its May Term, 1881. The petition,. in substance, alleges: That appellants Jessie Kendrick and Effie Burnett are the children of appellee Walter Wheeler and his deceased wife A. C. Wheeler. That at the death of their mother there were two certain tracts. of land that belonged to the community estate of their mother and father. That appellee Wheeler was, on the 17th day of January, 1881, by the County Court of Collin County, appointed guardian of their estate. That he qualified as such February 2, 1881. That on April 27, 1881, he filed an exhibit showing the condition of the estate, and asked for an order to sell the real and personal property belonging to their estates. That on the 16th day of May, 1881, the court entered an order granting the application to sell. That on the 16th day of May, 1881, appellee Wheeler filed his report of the sale of the tract of 160 acres in the B. F. Mathews survey to appellee J. H. Browman for $1905 cash, which sale was approved by the court on May 23, 1881, ordering Wheeler to make and execute deed thereto, which he did on the same day. That said Wheeler, guardian, has never made any final report, and that said guardianship is. still unsettled. They further say, that this order of sale and sale are void, and ask that the same be set aside, for the reasons: First. That the order of sale was made without any valid notice having been issued. Second.. Because the notice was not served in the manner nor for the length of time prescribed by law. Third. Because the order of sale contained no description of the property directed to be sold. Fourth. Because the order did not state the necessity nor purpose of such sale. Fifth. Because the application to sell showed no valid reason nor necessity for such sale. Sixth. Because said order was wholly unauthorized by law.

It is also alleged, that there was no legal cause existing for said sale,. and that the absence of such necessity was apparent of record; and that appellee Bowman had actual and constructive notice thereof; that said order of sale was procured by collusion between Wheeler and Bowman, and not for the benefit of plaintiffs; that plaintiffs were minors, and have. never received any of the proceeds of said sale nor any benefit therefrom.

The petition sought to have set aside the orders of sale relating to two tracts, one of 160 acres in the B. F. Mathews survey, and one of about 17 acres in the Andrew Piaro survey.

Appellee Wheeler answered by general demurrer and general denial.

Appellee Bowman for answer filed a disclaimer as to the smaller of the two tracts of land; and pleaded, that appellant Effie Burnett was bound by the statute of two years given in which to prosecute this suit; that he paid full price for the tract of land purchased by him under said order of sale, and that he paid to said Wheeler the purchase money for said land, who was then the legal guardian of the plaintiffs; and that the sureties on Wheeler's bond were solvent. That said order of sale was legal and:

valid, and that he purchased in good faith, relying on the order of sale. That he had no notice of any irregularies in the proceedings, nor that no necessity existed for such sale. That the money resulting from the sale had been expended for the benefit of plaintiffs. That at the time of purchase he was the legal owner of the interest of his codefendant Wheeler in the lands. That he filed his deed, executed under the order of sale, for record May 23, 1881. He also pleaded improvements in good faith, and the five and ten years statutes of limitation.

Judgment was rendered in the court below in favor of appellees.

The court below found the facts as follows:

1. That appellee Wheeler was, on the 17th day of January, 1881, legally appointed guardian of the persons and estates of his minor children, Effie and Jessie Wheeler, and gave bond in the sum of $3600, with sureties who are living and solvent.

2. March 6, 1881, the guardian filed his inventory and appraisement of the property of his wards to be the two tracts of land described and other property.

3. April 27, 1881, the guardian filed in the County Court application for order to sell the two tracts, with other property. The application described the two tracts, and set forth the condition of the estate, and stated the grounds for the sale to be, " that the increase of the estate of the minors and the personal property thereof, and the proceeds of previous sales, are insufficient for the education, maintenance, and welfare of said minors."

4. The notice of sale was issued and served on the same day the application was filed; that the notice mentioned the 160 acres tract, but not the 17 acres tract. The notice was legal in form, and cited all persons interested to appear at the next term of court, which was on the 16th day of May. The time the notice was first posted, on April 27, to May 16, would not give twenty full days, as required by law.

5. May 16, 1881, the court granted the application, and ordered the sale to be made at private sale. The order did not describe the land, but referred to the application for description. The same day the guardian made his report to the court that he had sold to J. H. Bowman the 160 acres tract for $1905 cash. On May 23, 1881, the report of sale was approved, and the guardian ordered to make deed to the purchaser, which he did on same day, and was paid the sum of $1905, the purchase money, which was full value of the land.

6. That $560 of the purchase money received by the guardian was paid by him in the discharge of community debts of himself and deceased wife. The balance was invested in a mercantile venture, and was lost. None of the purchase money came into the actual possession of the plaintiffs.

7. That Bowman was only chargeable with notice of the recitals of the order and confirmation of sale. That he had contracted with the guardian

for the purchase of the land before the application was filed, and he knew the sale was being made to carry out this trade, but did not know that there was no necessity for the sale, except in so far as the law would charge him with notice that a father was bound to support his children out of his own means, and not out of their property.

8. The terms of sale were agreed on before the application was filed.

9. The guardian did make deed to the 17 acres, but there was no order of confirmation, and that Bowman disclaims all interest thereunder.

On these facts the court finds the following conclusions of law:

1. That as the guardian was the father of the minors, he was bound to support and educate them out of his own means, and that there was no sufficient legal grounds in fact for the sale of the land for this purpose, and the County Court erred in ordering and approving the sale.

2. That the law required full twenty days notice to be given of the sale before the first day of court, and the court erred in ordering and approving same without this being done.

3. That the errors above set forth render the sale voidable, but not void.

4. That the defects being such as only render the sale voidable at the discretion of the wards, it will not be set aside unless they offer to do equity by tendering back the purchase money paid for the land.

5. The receipt by a regularly appointed guardian of money the proceeds of the sale of his wards' lands, is chargeable against the wards, and they can not set aside such sale without tendering the purchase money.

6. The court finally concludes, that as the purchase money was not offered or tendered, it would be inequitable to permit the plaintiffs to recover the lands and not return the purchase money, and for this reason refuses to set aside the order of sale and sale of the land.

[This statement accompanied the opinion.]

*Craig & Wolfe*, for appellants.—1. An order directing a guardian to sell the lands of his ward, without the notice of the application being posted for the time required by law, is void. Rev. Stats., arts. 2572, 2575, 2576; Perry v. Adams, 2 Am. St. Rep., 326.

2. A sale of the ward's real estate without legal citation, when no necessity exists for the sale, is void. Gillenwater v. Scott, 62 Texas, 672; Rev. Stats., art. 2549; Smythe v. Lumpkins, 62 Texas, 242.

3. Plaintiffs would not be compelled to tender or pay back all the money paid by Bowman for the land, unless they had received the same or derived some benefit therefrom.

4. The Probate Court had no jurisdiction to investigate and determine the equities between the purchaser at the guardian's sale and the minors, nor to render or enforce such a judgment as would have been necessary to effectually settle and dispose of the rights of the parties had the offer

to refund the purchase money been made by plaintiffs in the County Court. As to the character and terms of the decree which should be rendered upon the cancellation of a voidable sale and decreeing the return of the purchase money: Pearson v. Cox, 71 Texas, 251. That the Probate Court has no jurisdiction to vest, divest, or determine the title to land: Wadsworth v. Chick, 55 Texas, 241; Wise v. O'Malley, 60 Texas, 588; Edwards' Heirs v. Mounts, 61 Texas, 398.

5. Appellee, having contracted with Walter Wheeler for the purchase of the minors' interest in the lands before said Wheeler made application for letters of guardianship on their estates, and before his appointment, was not a purchaser in good faith, but was a party to such proceedings, and was chargeable with notice of the want of legal necessity for said sale and of all irregularities therein. McNally v. Haynes, 59 Texas, 587.

6. Equity never requires a party to disgorge or refund that which he never received. Vogelsang v. Null, 67 Texas, 465.

7. The act of a guardian is binding on the ward, and a charge against his estate, only when it is authorized by and in conformity with law.

8. Under the prayer for general, special, and equitable relief, the court was authorized to render such judgment as the respective equities demanded. Story Eq. Plead., 9 ed., secs. 40, 43.

*R. T. Shelton, Muse & Mangum,* and *M. H. Garnett,* for appellee J. H. Bowman.—1. The County Court has general jurisdiction in matters relating to the administration of estates. Const., art. 5, sec. 16; Heath v. Layne, 62 Texas, 691; Guilford v. Love, 49 Texas, 715; Martin v. Robinson, 67 Texas, 374; Murchison v. White, 54 Texas, 83.

2. The order of the County Court was not void, but was only voidable, and it was a matter of legal discretion whether the sale should be set aside or not. Heath v. Layne, 62 Texas, 686; Murchison v. White, 54 Texas, 83; Arrowsmith v. Gleason, 129 U. S., 86; Arrowsmith v. Harmening, 42 Ohio St., 254.

3. The orders of the court being voidable only, and the appellee Bowman having bought and paid a full price for the land in good faith, under an order made by a court having a general jurisdiction, a court in its discretion would not set aside the sale unless the appellants had tendered the purchase price so paid, with interest, or had offered to do so in their bill of review. Rev. Stats., arts. 1826, 2477; Harrison v. Ilgner, 74 Texas, 86; Railway v. Blakeney, 73 Texas, 180.

4. Under the allegations in appellees' original answer filed in the County Court, and the special findings of fact made by the court, the sale could not have been set aside unless the purchase money, with interest paid by appellee, had been tendered, or an offer had been made to refund the same.

5. A purchaser of real estate at a guardian's sale, made on the order of the Probate Court, is not required to look beyond the judgment of the

court having jurisdiction ordering the sale. Robertson v. Johnson, 57 Texas, 62; Alexander v. Maverick, 18 Texas, 196; Guilford v. Love, 49 Texas, 737; Rindge v. Oliphint, 62 Texas, 682.

6. Equity does and will require "a party to disgorge or refund that" to which he is not entitled, and of which he has received the benefit; and it will in no case aid or assist him until he has done so, or offers to do it. Ferguson v. Railway, 73 Texas, 344; Ufford v. Wells, 52 Texas, 620; Land and Cattle Co. v. Boon, 73 Texas, 556; Pearson v. Cox, 71 Texas, 250; Ridley v. Thomas, 25 Texas Supp., 318; Moore v. Giesecke, 13 S. W. Rep., 290; Saunders v. Howard, 51 Texas, 26; Bingham v. Barley, 55 Texas, 281; Buchanan v. Upshur. 1 How., 84, 85; McQuiddy v. Ware, 20 Wall., 14–20; Williams v. Fitzhugh, 37 N. Y. Ct. App., 452.

FISHER, JUDGE, *Section B.*— It is contended by appellants, that as the notice of sale was not given for the length of time required by law, and as there was no sufficient legal reason nor necessity for the sale, the order of sale and sale thereunder are void, and should have been set aside. The failure to give the notice the length of time required by law does not render the sale void. Weems v. Masterson, 80 Texas, 49; Heath v. Layne, 62 Texas, 689; Lyne v. Sanford, 82 Texas, 63.

If the father is the guardian of the persons and estates of his minor children, it is his duty to educate and support them out of his own means. If, however, he is not able to do so, an allowance for such purpose will be made out of the estate of his wards. 9 Am. and Eng. Enc. of Law, 100.

Article 2572, Sayles' Civil Statutes, makes the education and support of the ward a ground of sale of the ward's property. The court finds, that Bowman did not know that the sale was made for any purpose different from that stated in the application for the order of sale. When the court acted upon the application and made the order of sale, Bowman was not required to look beyond the order of the court, and could act upon the assumption that the court granted the order of sale upon the existence of facts that would authorize it to do so. We do not think the order of sale void. Robertson v. Johnson, 57 Texas, 63; Weems v. Masterson, 80 Texas, 53; Lyne v. Sanford, 82 Texas, 63.

Appellants next contend, that in order to permit them to set aside the order of sale and sale of land, it was not necessary that they should refund or offer to refund the purchase money paid for said land; because:

First. The County Court only had jurisdiction to set aside the sale, and had no power to adjudicate and settle the equities of the parties in requiring the purchase money to be refunded.

Second. That as the facts show that no part of the purchase money was ever received by them, they are not required to refund it as a prerequisite to setting aside the sale.

We think the court, where its jurisdiction is invoked to set aside its

decrees and sale thereunder, has the power to set them aside, upon the applicant complying with certain terms that appear to the court to be equitable. This is a discretion lodged in the court, and its jurisdiction is broad enough, when its power is invoked, to give effect to this discretion.

In the case before us it appears that certain irregularities in the sale were committed, but it is shown that they did not affect the validity or fairness of the sale, as the court finds that the amount paid was full value for the land. Under such a state of facts the ward can not, as a matter of right, have a sale set aside, although the irregularities are shown; but whether it will be set aside depends upon the sound discretion of the court. If the sale appears to be fair to the minors, the court can decline to disturb it, or can set it aside on such terms as are equitable. Herndon v. Rice, 21 Texas, 458; Hartwell v. Jackson, 7 Texas, 578; Daniel v. Leitch, 13 Gratt., 214, 215; Myrick v. Jacks, 39 Ark., 295; Pardue v. Jones, 74 Texas, 299.

We now come to the question, whether the appellants should have refunded, or offered to refund, the purchase money paid to their guardian for the land.

The acts of the guardian in dealing with innocent purchasers, under lawful orders of the court, are binding upon the minors, in so far as they affect the rights of such purchasers. Dancy v. Strickling, 15 Texas, 557; Clayton v. McKinnon, 54 Texas, 211.

The purchaser at the guardian's sale is not required to see to a proper application of the purchase money, or that the guardian executes his trust in a legal way in dealing with the fund after it goes into his possession. Mulford v. Beveridge, 78 Ill., 456.

From these principles, it necessarily follows, that the payment of the purchase money of the land to the guardian, under the circumstances and facts as shown in this case, is regarded in law as equivalent to a payment to appellants. The guardian was their lawful agent, with power to receive the money, and if he has converted it, they have a remedy on his bond against him and his sureties. The very purpose of the law in appointing a guardian is to create a business agent of the minors, who can deal with their property under valid orders of the court.

When third parties, under the sanction of an order of court, in good faith deal with the guardian, it would be inequitable to permit the wards to disturb rights thereby acquired, unless the consideration paid should be refunded. Bingham v. Barley, 55 Texas, 285; Parmele v. McGinty, 52 Miss., 484; Hatches v. Briggs, 6 Ore., 46; Harrison v. Ilgner, 74 Texas, 87; Myrick v. Jacks, 39 Ark., 295; Herndon v. Rice, 21 Texas, 458; Pearson v. Cox, 71 Texas, 250; Railway v. Blakeney, 73 Texas, 181.

We conclude the judgment should be affirmed, and so report.

*Affirmed.*

Adopted June 14, 1892.