**Mrs. Kathleen MYERS, et vir, Appellants,**

v.

**Mrs. Estelle SPHARLER, Appellee.**

**No. 7491.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 13, 1963.

Rehearing Denied Sept. 3, 1963.

240

L. L. James, Tyler, for appellants.

Bath, Turner & Lloyd, Henderson, for appellee.

DAVIS, Justice.

The opinion handed down in this case on July 16, 1963, is withdrawn and the following is submitted in lieu thereof.

A Will contest. Appellee, Mrs. Estelle Spharler, filed an application in the Probate Court of Rusk County to probate the lost Will of her husband, Edwin C. Spharler, deceased. The appellants, Mrs. Kathleen Myers, joined by her husband, filed a contest. On June 11, 1962, the probate judge denied the application. On June 15, 1962, appellee found the Will which purported to be the same as the lost Will. On the same date she filed a motion for a new trial. On July 2, 1962, the motion for new trial was overruled. An appeal was taken to the district court.

After the appeal was perfected, the appellee filed an amended application wherein she sought to probate the Will. The district judge overruled a motion to dismiss the appeal. At the trial, the appellee proved that the Will was substantially the same as the lost Will which she sought to probate in the probate court. The district judge admitted the Will to probate on the amended pleadings. Appellants excepted and have perfected their appeal. They bring forward 13 points of error.

Points 1, 4, 5, 7, 8, 12 and 13 are without any merit and are overruled.

By their points 2, 3, 6 and 9 they say the court erred in admitting the Will to probate and in holding that the Will that was offered for probate in the district court was substantially the same Will as the lost Will which they sought to probate in the county court. The appellee tried to probate the Will in the probate court under Sec. 85 of the Probate Code, V.A.T.S. 44 T.J. 918. It was proved by the witnesses in the probate court that they had read the Will, and that they had witnessed the same. Such was the proof in the district court. It was further proved that the Will was substantially the same as the lost Will which they had sought to probate in the probate court.

■ The jurisdiction of a district court after an appeal is taken in probate proceedings is appellate only. The issues are confined to those made in the probate court. The appellee tried to probate the Will in the probate court. She excepted to the judgment of the probate court and perfected her appeal to the district court. She then filed her amended pleadings, and alleged facts that did not create any new is-

sues. She was merely trying to probate the last Will of her husband. This, she was entitled to do. Saros v. Strickland (Tex.Civ. App.), 148 S.W.2d 865, error dism.; Arredondo v. Arredondo (Tex.Civ.App.), 25 S. W. 336, N.W.H.; McLane v. Paschal, 62 Tex. 102; Mills v. Baird (Tex.Civ.App.), 147 S.W.2d 312, error refused. The points are overruled.

 By her points 10 and 11 the appellant takes the position that the court erred in holding that the witnesses testified to facts necessary to support the probate of the Will and in holding that all necessary proof required had been made. On examining the statement of facts we find that the witnesses testified to all the facts necessary to support the Will, and the testimony is sufficient to support the findings of the district judge. The points are overruled.

The appellants will have fifteen days after the date of this opinion to file a motion for rehearing.

The judgment is affirmed.