

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 19, 1985

Mr. Marlin W. Johnston
Commissioner
Texas Department of Human
   Resources
P. O. Box 2960
Austin, Texas    78769

Opinion No. JM-392

Re: Whether the Texas Department of Human Resources is required to pay a filing fee when it files an investigation report pursuant to section 48.038(g) of the Texas Human Resources Code, regarding the alleged abuse of the ward

Dear Mr. Johnston:

You have asked several questions about the fees to be paid when the Texas Department of Human Resources files a report regarding the alleged abuse of an elderly or disabled person. The department is charged with the duty of investigating reports regarding the abuse, exploitation, or neglect of elderly or disabled persons. Hum. Res. Code §§48.036, 48.037. The department must prepare a written report regarding each such investigation. Id. §48.038(e). If the elderly or disabled person has a guardian, the department must file a copy of the report with the court to which the guardian is accountable. Id. §48.038(g).

Your letter sets out the following three questions regarding the filing of the report:

> 1. When the department files a copy of the report mandated by section 48.038(g), is the county clerk entitled to a filing fee?

> 2. If the county clerk is entitled to a fee, may the clerk tax it against the estate of the person for whom the guardian was appointed rather than the department?

> 3. If the department must pay a filing fee, must it be paid in advance?

The appointment and administration of guardianships are under the jurisdiction of the probate courts. Prob. Code §§4, 5. Clerks of county courts are required to collect fees for filing papers in connection with any cause or action in probate court. V.T.C.S. art.

3930(b), §1(B)(1).[1]   It is not clear, however, from whom the county clerk should collect a fee for a report filed pursuant to section 48.038(g).   The rule applicable to ordinary civil cases is that a party to a suit shall be liable to officers of the court for all costs he incurs.  Tex. R. Civ. Proc. 125.   In general, the party who sought the county clerk's services would be the party who "incurred" the cost of the clerk's services.  See Maryland Casualty Co. v. Thomas, 289 S.W.2d 652, 655 (Tex. Civ. App. - Amarillo 1956, writ ref'd n.r.e.) (stating that the ordinary meaning of "incur" is to "become liable or subject to through one's own action"); but see Hays v. Spangenberg, 94 S.W.2d 899, 903 (Tex. Civ. App. - Austin 1936, no writ) (holding that plaintiff "incurred" the cost of a guardian ad litem for the defendant by bringing suit).  Rule 125 applies in probate matters unless the Probate Code specifically provides otherwise.  Prob. Code §12(a).

The Probate Code provides that the estate of the ward is responsible for the cost of a guardianship proceeding:

> When any person is found to be of unsound mind or to be an habitual drunkard, the cost of the proceeding shall be paid out of his estate, or, if his estate be insufficient to pay the same, such costs shall be paid out of the county treasury, and the judgment of the court shall be accordingly.

Id. §247.[2]   Thus, if the cost of filing a report regarding the

---

1. We do not consider whether a fee is always due under article 3930(b) when DHR files a report in a guardianship proceeding. Although section 1(B) of article 3930(b) states that a fee is due for anything filed in probate court, the statute never sets out the initial fee due in a proceeding to appoint a guardian of the person. The statute does set out the initial fee to be paid for a guardianship of an estate. Art. 3930(b), §1(B)(1)(a)(i). The statute also sets out additional fees to be paid for filings that occur after court approval of an appraisal. Art. 3930(b), §1(B)(1)(b)(i). A probate judge has discretion to order an appraisal in a proceeding to appoint a guardian of an estate. Prob. Code §184(e). If a guardian is a guardian of both the person and the estate and if the court has ordered and approved an appraisal of the estate, then the clerk clearly has authority to collect a separate fee for papers filed in a guardianship proceeding. We do not address the clerk's authority to collect such fees under other circumstances.

---

2. Persons of unsound mind and habitual drunkards are the only persons other than minors for whom guardians may be appointed for general purposes. Prob. Code §114. Minors are not within the definition of elderly person or the definition of disabled person for purposes of section 48.038(g) of the Human Resources Code. Hum. Res. Code §48.002(8). Thus, section 247 of the Probate Code is relevant to any guardianship proceeding that would be affected by section 48.038(g) of the Human Resources Code.

investigation of alleged abuse in a guardianship proceeding is a "cost of the guardianship proceeding," section 247 rather than Rule 125 governs allocation of the filing fee. If that is the case, the estate of the ward is primarily liable for the filing fee, and we do not need to determine who "incurs" that cost.

In our opinion the fee for filing a report pursuant to section 48.038(g) of the Human Resources Code is a cost of a guardianship proceeding for purposes of section 247 of the Probate Code. The legal justification for charging the expenses of a guardianship proceeding against the estate of the ward is that the expenses are for the benefit of the ward. See Prob. Code §242; Carney v. Aicklen, 587 S.W.2d 507, 511 (Tex. Civ. App. - Tyler 1979, writ ref'd n.r.e.) (holding that the ward's estate is liable for attorney's fees for someone who successfully contests the appointment of someone else as guardian). See also In re Guardianship Estates of Kaufman, 429 S.W.2d 612, 617 (Tex. Civ. App. - Dallas 1968, no writ) (holding that court costs are necessarily incurred in connection with guardianship proceedings and are proper administrative expenses). That justification is applicable to the expense of a report filed by the department regarding the alleged abuse of the ward. The department is not a party to the guardianship proceeding, and its participation is merely to insure that the guardian and the court of continuing jurisdiction are aware of any abuse or alleged abuse of the ward. Thus, we think that a fee for filing such a report is a cost of the guardianship proceeding and should be charged against the ward's estate or, if the estate is insufficient to pay the fee, against the county.

In light of our answer to your second question, we do not reach your third question.

### S U M M A R Y

The county clerk must collect a filing fee for filing a report submitted by the Texas Department of Human Resources pursuant to section 48.038(g) of the Human Resources Code. The estate of the ward is liable for the fee. If the estate is insufficient to pay the fee, the county is liable.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General